UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

PIERSON VALENZONA,       )     Case No. 1:09CV0336
                            )
         Petitioner,       )
                            )
      vs.                )     JUDGE DAN AARON POLSTER
                            )     (Magistrate Judge McHargh)
FRANK SHEWALTER,      )
      Warden,        )
                            )
                            )
      Respondent.      )     REPORT AND
                            )     RECOMMENDATION
                            )

McHARGH, Mag.J.

The petitioner Pierson Valenzona ("Valenzona") has filed a petition for a writ

of habeas corpus, arising out of his 2006 convictions for gross sexual imposition and

kidnapping in the Cuyahoga County (Ohio) Court of Common Pleas.  In his petition,

Valenzona raises two grounds for relief:

> 1.  A criminal defendant is denied due process and a fair trial when the
> State is permitted to introduce evidence of that defendant's prior acts
> of domestic violence and drug use to show criminal character, when the
> evidence is not tied to the offense alleged in the indictment.  Fifth and
> Fourteenth Amendments to the United States Constitution; Old Chief
> v. United States, 519 U.S. 172 (1997).
>
> 2.  In a criminal prosecution for gross sexual imposition and
> kidnapping, when the restraint or confinement of the alleged victim is
> not prolonged, nor secretive, nor substantial, the offenses are allied

offenses of similar import and should merge.  When kidnapping is
merely incidental to the gross sexual imposition, and therefore there is
no separate animus, the defendant may not be convicted on
kidnapping.  Fifth and Fourteenth Amendments to the United States
Constitution.

(Doc. 1, § 12.a.)


## I.  FACTUAL AND PROCEDURAL BACKGROUND

The Ohio Court of Appeals set forth the following factual and procedural

background:

> Valenzona was indicted for one count of rape, one count of gross sexual
> imposition, and one count of kidnapping with a sexual motivation
> specification, arising from an incident involving his girlfriend's
> nineteen-year-old niece on January 27, 2006.  Valenzona pled not
> guilty, and a jury trial ensued.
>
> At trial, the victim testified that Valenzona was her aunt's husband
> (prior to trial, the couple had just married) and the father of her four
> cousins.  The victim testified that she often slept overnight at her aunt
> and Valenzona's house to spend time with her cousins.  On the
> morning of the incident, the victim's aunt walked one of the children to
> school while the victim watched the baby, who was approximately ten
> months old.
>
> A few minutes after the aunt left, Valenzona came out of his bedroom,
> sat down next to the victim on the floor, and without a word, began
> grabbing her breasts.  The victim was shocked, but got up and moved
> away.  Valenzona told the victim that she was beautiful and that he
> was going to take her to Arizona with him.  The victim did not respond.
> Valenzona went over to the victim, placed his leg over hers, and began
> grabbing her breasts again.  He then moved down her stomach, to her
> vaginal area.  The victim felt pressure in her vaginal area as he tried
> to penetrate her with his fingers through her clothes.  Valenzona
> stopped when he heard his wife coming up the stairs.  He got up and
> walked away as if nothing happened.

2

The victim testified that she was scared and felt violated, but she did not tell her aunt when her aunt returned.  She testified that her grandmother picked her up an hour later.  The victim then called her best friend.  Her best friend testified that the victim was crying and upset, and could barely speak.  The victim told her best friend that Valenzona "felt her up" and "tried to penetrate her." Her best friend told her to tell her grandmother.

The victim told her grandmother, who said she would take care of it. The grandmother did nothing.  On February 11, the victim told her brother what happened.  He made her tell their mother, who promptly went to the police.

Valenzona was found guilty of kidnapping with the sexual motivation specification, as well as gross sexual imposition.  He was sentenced to nine years on the kidnapping and eighteen months on the gross sexual imposition.  The sentences were ordered to run concurrently.

(Doc. 6, RX 12, at 1-2; State v. Valenzona, No. 89099, 2007 WL 4465069, at *1 (Ohio

Ct. App. Dec. 20, 2007).)

Valenzona filed a timely appeal of his conviction, and set forth the following

five assignments of error:

1. The trial court failed to merge the kidnapping into the gross sexual imposition as there was only one animus as to the restraint element.

2. The trial court erred when it failed to dismiss the indictment for failure to identify the victim and for allowing the prosecution to amend the indictment by replacing "Jane Doe" with the victim's name and date of birth.

3. The trial court erred when it allowed the prosecution to admit evidence of prior bad acts over the repeated objection of the defense.

4. The trial court erred when it refused to conduct an in-camera inspection of the victim's statement pursuant to Crim. R. 16(B)(1)(G).

5. The trial court erred when it failed to identify what degree of felony kidnapping constituted in the verdict form and failed to state all the elements for a finding by the jury.

(Doc. 6, RX 10.)  On Dec. 20, 2007, the court of appeals affirmed in part, and reversed in part, the judgment of the trial court.  (Doc. 6, RX 12; State v. Valenzona, No. 89099, 2007 WL 4465069 (Ohio Ct. App. Dec. 20, 2007).)

The court of appeals found merit, in part, with Valenzona's first assignment of error:

> We agree . . . that Valenzona's convictions for gross sexual imposition and kidnapping merge because they are allied offenses of similar import.  Nevertheless, we disagree that the kidnapping charge, a felony of the first degree, merges into the gross sexual imposition charge, a felony of the third degree.

(Doc. 6, RX 12, at 12; Valenzona, 2007 WL 4465069, at *6.)  The court found that public policy suggested that "where two charges are allied offenses of similar import, the offense with the longer sentence should be preferred over the offense with the shorter sentence."  (Doc. 6, RX 12, at 12-13; Valenzona, 2007 WL 4465069, at *6.)

The court found that Valenzona's conviction for gross sexual imposition should merge into his conviction for kidnapping, that he could be sentenced only on the kidnapping charge, and that the trial court erred when it sentenced him on the gross sexual imposition charge.  Thus, the judgment on gross sexual imposition was reversed, and the case was remanded to the trial court to merge Valenzona's convictions.  (Doc. 6, RX 12, at 13; Valenzona, 2007 WL 4465069, at *7.)

The trial court subsequently modified its judgment, merging the sentences on the kidnapping and gross sexual imposition charges, and ordering them to be served concurrently.  (Doc. 6, RX 13.)

4

Valenzona filed a timely appeal to the Supreme Court of Ohio, which set forth the following three propositions of law:

> 1. A criminal defendant is denied a fair trial when the State is permitted to introduce evidence of defendant's prior acts of domestic violence and drug use to show criminal character, when the evidence is not tied to the offense alleged in the indictment. Fifth and Fourteenth Amendments, United States Constitution; Section 16, Article I, Ohio Constitution.
>
> 2. In a criminal prosecution for gross sexual imposition and kidnapping, when the restraint or confinement of the alleged victim is not prolonged, nor secretive, nor substantial, the offenses are allied offenses of similar import and should merge. When the kidnapping is merely incidental to the gross sexual imposition, and therefore there is no separate animus, the defendant may not be convicted of kidnapping. Fifth and Fourteenth Amendments, United States Constitution; Section 16, Article I, Ohio Constitution.
>
> 3. Appellate counsel provides ineffective assistance in failing to argue that the defendant's conviction was against the manifest weight of the evidence, when the record demonstrates that there was a reasonable likelihood that the argument would succeed on direct appeal. Sixth and Fourteenth Amendments, United States Constitution, Section 10, Article I, Ohio Constitution. Strickland v. Washington (1984), 466 U.S. 668, 687; State v. Bradley (1989), 42 Ohio St.3d 136, 141.

(Doc. 6, RX 15.)  On June 4, 2008, the state supreme court denied leave to appeal and dismissed the case because it did not involve any substantial constitutional question.  (Doc. 6, RX 17; State v. Valenzona,118 Ohio St.3d 1433, 887 N.E.2d 1202 (2008).)

Valenzona filed this petition for a writ of habeas corpus on Feb. 12, 2009. (Doc. 1.)

## II.  HABEAS CORPUS REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, which provides the standard of review that federal courts must apply when considering applications for a writ of habeas corpus.  Under the AEDPA, federal courts have limited power to issue a writ of habeas corpus with respect to any claim which was adjudicated on the merits by a state court.  The Supreme Court, in Williams v. Taylor, provided the following guidance:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied -- the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams v. Taylor, 529 U.S. 362, 412-13 (2002).  See also Lorraine v. Coyle, 291 F.3d 416, 421-422 (6th Cir. 2002), cert. denied, 538 U.S. 947 (2003).

A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases."  Williams, 529 U.S. at 405.  See also Price v. Vincent, 538 U.S. 634, 640 (2003).

A state court decision is not unreasonable simply because the federal court considers the state decision to be erroneous or incorrect.  Rather, the federal court must determine that the state court decision is an objectively unreasonable application of federal law.  Williams, 529 U.S. at 410-12; Lorraine, 291 F.3d at 422.

## III.  FIRST GROUND

The respondent argues that the first ground of the petition, concerning state law evidentiary rulings on "prior bad acts," is not cognizable on habeas review. (Doc. 6, at 11-14.)  Valenzona concedes the point, and withdraws the first ground from his petition.  (Doc. 8, at 4.)

## IV.  SECOND GROUND

The second ground of the petition claims that, under the circumstances of this case, the kidnapping and gross sexual imposition charges are "allied offenses of similar import" and should merge.  (Doc. 1, at 16.)  The argument is that, because gross sexual imposition was the primary offense, kidnapping should merge into it, and Valenzona should not be serving a sentence for a first-degree felony, but rather for the fourth-degree felony, gross sexual imposition.  Id.

The respondent contends that Valenzona's argument is not actually that the convictions should be merged, since they were merged as a result of his successful claim on direct appeal, but that "he is unhappy with the state court's determination regarding his sentence following the merger, in favor of the longer nine year

7

sentence for Kidnapping." (Doc. 6, at 14.)  The respondent portrays this claim as a matter of state law, beyond the purview of habeas review.  Id. at 14-15, 17.

On direct appeal, Valenzona argued that the trial court erred in failing to properly apply the Ohio statute concerning "allied offenses of similar import," Ohio Rev. Code § 2941.25(A).  (Doc. 6, RX 10, at 19-21.)  His entire analysis relied on Ohio state court cases construing Section 2941.25(A).  Id.

As noted by respondent, doc. 6, at 17, Valenzona did not "fairly present" any federal constitutional claims concerning this issue to the state courts.  See generally doc. 6, RX 10, at 19-21.  This court does not have jurisdiction to consider a federal claim in a habeas petition which was not fairly presented to the state courts.

Jacobs v. Mohr, 265 F.3d 407, 415 (6th Cir. 2001).  The Sixth Circuit has stated:

> A claim may only be considered "fairly presented" if the petitioner asserted both the factual and legal basis for his claim to the state courts.  This court has noted four actions a defendant can take which are significant to the determination whether a claim has been "fairly presented":  (1) reliance upon federal cases employing constitutional analysis;  (2) reliance upon state cases employing federal constitutional analysis;  (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right;  or (4) alleging facts well within the mainstream of constitutional law.

McMeans v. Brigano, 228 F.3d 674, 681 (6th Cir. 2000), cert. denied, 532 U.S. 958 (2001) (citing Franklin v. Rose, 811 F.2d 322, 325-326 (6th Cir. 1987)).

In his appeal, Valenzona began by quoting Ohio Rev. Code § 2941.25(A) (the "allied offenses of similar import" statute), and then relied on two state cases construing the statute.  (Doc. 6, RX 10, at 19-21.)  The claim relating to the Ohio

statute was not raised as a federal constitutional violation on direct appeal.  He did not place any reliance on any federal cases employing constitutional analysis, nor upon state cases employing federal constitutional analysis.  Instead, his entire analysis relied on Ohio state court cases.

Valenzona concedes that he did not present a constitutional claim to the court of appeals, but claims that he did so in his appeal to the Supreme Court of Ohio.  (Doc. 8, at 5.)  While it is true that his second proposition of law did include a cursory reference to Fifth and Fourteenth Amendments of the U.S. Constitution, his brief in support did not rely on any federal cases, nor upon any state cases employing federal constitutional analysis.[1]  (Doc. 6, RX 15, at 7-10.)

To "fairly present" the claim to the state courts, a habeas petitioner must present his claim as a federal constitutional issue, not as an issue arising under state law.  Koontz v. Glossa, 731 F.2d 365, 368 (6th Cir. 1984).  Valenzona essentially presented his claim as a violation of Ohio law.  Thus, Valenzona  failed to "fairly present" his constitutional claim to the Ohio courts.  McMeans, 228 F.3d

---

[1]  Even if Valenzona had actually attempted to raise a federal constitutional claim in his appeal to the Supreme Court of Ohio, that court does not consider a constitutional question which was not raised and argued in the lower courts.  Leroy v. Marshall, 757 F.2d 94, 99 (6th Cir.), cert. denied, 474 U.S. 831 (1985); Adams v. Bradshaw, 484 F.Supp.2d 753, 769 (N.D. Ohio 2007); City of Wooster v. Graines, 52 Ohio St.3d 180, 185, 556 N.E.2d 1163, 1168 (1990) (citing cases); State v. Phillips, 27 Ohio St.2d 294, 302, 272 N.E.2d 347, 352 (1971).  Valenzona can no longer raise this claim in state court, as it would be barred on the basis of res judicata.  Leroy, 757 F.2d at 99.

9

at 682.  Consequently, this court is without jurisdiction to review the merits of his arguments.  Id. at 683.

All claims that Valenzona could have asserted in his direct appeal, but did not, are defaulted under the Ohio doctrine of res judicata.  Coleman v. Mitchell, 244 F.3d 533, 538 (6th Cir.), cert. denied, 534 U.S. 977 (2001); State v. Perry, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967) (syllabus, ¶9).  If a petitioner is barred by a state procedural rule from raising a federal claim in state court, he is not permitted to raise the issue in his habeas petition absent a showing of cause and prejudice.  Engle v. Isaac, 456 U.S. 107, 129 (1982); Wainwright v. Sykes, 433 U.S. 72, 86-87 (1977).  Valenzona makes no such showing.  See generally doc. 8.

Federal habeas relief is not available for a claimed violation of state law.  Lewis v. Jeffers, 497 U.S. 764, 780 (1990); Heard v. Jago, 515 F.Supp. 162, 167 (S.D. Ohio 1980).  The petition should not be granted on the basis of the second ground of the petition.


## V.  SUMMARY

The petition for a writ of habeas corpus should be denied.  Valenzona did not fairly present his claim to the Ohio courts as a federal constitutional claim, and this court is without jurisdiction to review it.

<u>RECOMMENDATION</u>

It is recommended that the petition for a writ of habeas corpus be DENIED.


Dated:   Sept. 13, 2010            /s/ Kenneth S. McHargh
                                   Kenneth S. McHargh
                                   United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the District Court's order.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

11