UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **PIERSON VALENZONA,** ) | Case No. 1:09 CV 336 |
| ) | |
| Petitioner, ) | Judge Dan Aaron Polster |
| ) | |
| vs. ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| **FRANK SHEWALTER, Warden,** ) | |
| ) | |
| Respondent. ) | |

Before the Court are: (1) Petitioner's Petition for Writ of Habeas Corpus ("Habeas Petition"), filed pursuant to 28 U.S.C. §2254; (2) the Magistrate Judge's Report and Recommendation ("R&R") denying the Habeas Petition; and (3) Petitioner's Objections to the Magistrate Judge's R&R ("Objections"). For the reasons discussed, infra, Petitioner's Objections (**Doc #: 13**) are **OVERRULED**, the Magistrate Judge's R&R (**Doc #: 12**) is **ADOPTED**, and Petitioner's Habeas Petition (**Doc #: 1**) is **DENIED**.

**I.**

Petitioner filed a Petition for Writ of Habeas Corpus on February 12, 2009. The petition raises two grounds for relief:

1. A criminal defendant is denied due process and a fair trial when the State is permitted to introduce evidence of that defendant's prior acts of domestic violence and drug use to show criminal character,

> when the evidence is not tied to the offense alleged in the indictment. Fifth and Fourteenth Amendments to the United States Constitution; Old Chief v. United States, 519 U.S. 172 (1997).
>
> 2. In a criminal prosecution for gross sexual imposition and kidnapping, when the restraint or confinement of the alleged victim is not prolonged, nor secretive, nor substantial, the offenses are allied offenses of similar import and should merge. When kidnapping is merely incidental to the gross sexual imposition, and therefore there is no separate animus, the defendant may not be convicted on kidnapping. Fifth and Fourteenth Amendments to the United States Constitution.

(Doc #:1 at 4-5, 16).

Petitioner's Traverse to Return of Writ conceded that the first ground for relief is not cognizable on habeas review and therefore withdrew this ground. On September 13, 2010, Magistrate Judge Kenneth McHargh issued an R&R recommending that the Habeas Petition be denied because the Court does not have jurisdiction to consider the second ground for relief. The Magistrate Judge concluded that, on appeal, Petitioner presented the second ground for relief as a violation of Ohio law and not as a federal constitutional claim. Accordingly, because Petitioner did not "fairly present" his federal constitutional claims to the state court, the Court does not have jurisdiction to review the merits of his argument. (Doc #: 12 at 8-10.)

Petitioner filed an objection to the Magistrate Judge's R&R, arguing that his federal constitutional claims were fairly presented. Although he concedes he did not provide a constitutional citation, Petitioner claims that the second ground for relief was, in fact, raised on direct appeal to the Eighth District Court of Appeals of Ohio (the "state appellate court"). Petitioner further argues that the second ground for relief was explicitly raised within a federal constitutional framework when Petitioner appealed his sentence to the Supreme Court of Ohio.

-2-

**II.**

Pursuant to 28 U.S.C. §636(b)(1), the Court must "make a de novo determination of those portions of the [R&R] ... to which objection is made." "A claim may only be considered 'fairly presented' if the petitioner asserted both the factual and legal basis for his claim to the state courts." *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000), cert. denied, 532 U.S. 958 (2001) (citing *Franklin v. Rose*, 811 F.2d 322, 325-26 (6th Cir. 1987)). "Fair presentation of an issue requires that a petitioner give state courts a full opportunity to resolve any constitutional issues by invoking 'one *complete* round' of the state's appellate review system." *Caver v. Straub*, 349 F.3d 340, 346 (6th Cir. 2003) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (emphasis added)). "Fair presentation also requires that 'the same claim under the same theory be presented for the state court's consideration.'" *Id*. at 346 (citing *Pillette v. Foltz* , 824 F. 2d 494, 497 (6th Cir. 1987)).

On direct appeal to the state appellate court, Petitioner's relevant assignment of error asserted that "[t]he trial court failed to merge the kidnapping into the gross sexual imposition as there was only one animus as to the restraint element." (Doc #: 6 at 3.) The state appellate court agreed that kidnapping and gross sexual imposition were allied offenses and should merge; however, it directed the trial court to merge the gross sexual imposition conviction into the kidnapping conviction.

Petitioner appealed the merger of the gross sexual imposition conviction into the kidnapping conviction to the Supreme Court of Ohio, raising the following relevant proposition of law:

> 2. In a criminal prosecution for gross sexual imposition and kidnapping, when the restraint or confinement of the alleged victim is

>       not prolonged, nor secretive, nor substantial, the offenses are allied
>       offenses of similar import and should merge. When the kidnapping is
>       merely incidental to the gross sexual imposition, and therefore there is
>       no separate animus, the defendant may not be convicted of
>       kidnapping. Fifth and Fourteenth Amendments, United States
>       Constitution; Section 16, Article I, Ohio Constitution.

(Doc #: 6 at 5.) The Supreme Court of Ohio denied leave to appeal and dismissed the case for not involving any substantial constitutional question.

Petitioner's direct appeal did not raise any federal constitutional basis for merging the gross sexual imposition and kidnapping convictions. Thus, even though Petitioner's discretionary appeal to the Supreme Court of Ohio implicated the Fifth and Fourteenth Amendments, Petitioner never provided the state courts the "full opportunity to resolve any constitutional issues ..." *Caver*, 349 F.3d at 346. The Court does not have jurisdiction to "consider a claim in a habeas petition that was not fairly presented to the state courts." *Jacobs v. Mohr*, 265 F.3d 407, 415 (6th Cir. 2001) (citation omitted). Accordingly, Petitioner's habeas petition must be denied.

Petitioner "concedes that his direct appeal did not explicitly include constitutional challenges ..." (Doc #: 13 at 2-3.) Nevertheless, Petitioner argues that his procedural history "includes a colorable claim that his due process rights were violated." (*Id*. at 3.) Petitioner's argument is without merit. As assessed by the Magistrate Judge, Petitioner's direct appeal relied entirely on Ohio law, citing Ohio statutes and cases which do not have any federal constitutional ramifications. (Doc #: 12 at 8-9.) Consequently, the state appellate court's decision on direct appeal involved interpreting Ohio law to determine whether Petitioner's sentence should be merged and whether the shorter sentence should be merged into the longer one. Petitioner fails to demonstrate how the adjudication of these issues on direct appeal implicates federal

constitutional rights.

## III.

For the reasons discussed, *supra*, the Court hereby **OVERRULES** the Objection (**Doc #: 13**), and **ADOPTS** the thorough, well-written R&R (**Doc #: 12**) in its entirety. Petitioner's Petition for Writ of Habeas Corpus (**Doc#: 1**), pursuant to 28 U.S.C. §2254, is therefore **DENIED**.

**IT IS SO ORDERED.**

 */s/ Dan A. Polster     October 7, 2010*
**Dan Aaron Polster**
**United States District Judge**